UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM COWAN,

        Plaintiff,                         Case No. 2:15-cv-12428
                                               District Judge Gershwin Drain
v.                                             Magistrate Judge Anthony P. Patti

TRENT MILLER, et al.,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO RELEASE MEDICAL RECORDS (DE 49)

Plaintiff, William Cowan, is a state inmate who is proceeding without the assistance of counsel. On September 26, 2016, Plaintiff filed a document titled "motion to release medical documents that surrounds the event of July 2, 2014 only."[1] DE 49. The entirety of the motion is as follows: "I, William Cowan is [sic] filing this motion to release medical documents that contains [sic] to my injuries that surrounds the incident of July 2, 2014 'only'!" *Id.* On September 30, 2016, Judge Drain issued an order referring Plaintiff's motion to me for resolution. (DE 50.)

Defendants filed a response in opposition on October 5, 2016, which contains two main points. (DE 52.) First, Defendants contend that Plaintiff

---

[1] The Court has standardized the idiosyncratic capitalization used in the motion.

recently refused to sign an authorization form for the release of his medical information.  Second, Defendants note that Plaintiff may obtain his medical records via making a proper request pursuant to MDOC Operating Procedure 03.04.108B "Prisoner Access to Medical Records".[2]

Generally, a party may obtain documentary evidence via making a proper discovery request under Federal Rule of Civil Procedure 34, after which the party to whom the request is addressed may either comply or object to the request on several possible legally cognizable grounds.  The instant motion is fatally flawed for several reasons.  First, Plaintiff has failed to certify, as required by Fed.R.Civ.P. 37(a)(1), that he "in good faith conferred or attempted to confer with the person or the party failing to make disclosures or discovery in an effort to obtain it without court action."  Second, he failed to provide, as required by Local Rule 37.2, a "verbatim recitation of each…request…which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion."  Third, there is no indication that Plaintiff sought the records under

---

[2] The Michigan Department of Corrections ("MDOC") was dismissed as a party in July 2016 (DE 45) but the remaining Defendants, who are MDOC employees, have not argued that they are not the custodians of the records which Plaintiff seeks. However, Plaintiff's refusal to sign a form which would provide Defendants with access to his medical records would unavoidably inhibit their ability to provide those same records to Plaintiff.  Nonetheless, given Plaintiff's failure to seek the records in discovery or through the MDOC process (which will be discussed further *infra*) the Court will not definitively opine as to whether Plaintiff's refusal to provide Defendants with access to the records dooms his motion.

Fed.R.Civ.P. 34 before filing it. *See, e.g., Pasley v. Caruso*, *2010* WL 3907497, at *1 (E.D.Mich. Sept. 29, 2010) (denying a *pro se* incarcerated plaintiff's request for medical records because, *inter alia*, "Plaintiff has not shown that he served Defendant Caruso with a proper discovery request pursuant to Federal Rule of Civil Procedure 34."). [3]

In addition, Plaintiff may obtain the medical records pursuant to making a proper request under MDOC Operating Procedure 03.04.108.[4] The volume of Plaintiff's medical records is unclear, so it cannot be known with certainty what costs Plaintiff would incur if he received them pursuant to a request under MDOC

---

[3] The Court's normal practice is to not issue a ruling on a motion until after a reply is filed or the time for doing so under E. D. Mich. LR 7.1 has expired. However, this is not a typical situation, because no reply brief could cure the inherently fatal defects in the motion. Therefore, waiting upon the filing of what would be a futile reply brief would only cause an unnecessary delay, especially since a party may not raise arguments for the first time in a reply brief. *See, e.g., Clark v. Shop24 Global, LLC*, 77 F.Supp.3d 660, 677 n. 6 (S.D. Ohio 2015) (holding that "[a] movant cannot raise new issues for the first time in a reply brief because consideration of such issues deprives the nonmoving party of its opportunity to address the new arguments.") (quotation marks and citation omitted); *Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir. 2008) ("[W]e have found issues to be waived when they are raised for the first time in motions requesting reconsideration or in replies to responses.").

[4] Section U of MDOC Operating Procedure 03.04.108 provides in relevant part that "[a] prisoner may receive copies of documents generated by the Department and contained within his/her health record by making a specific, written request to the appropriate health information manager or designee and paying the required per-page fee, as set forth in OP 03.04.108B 'Prisoner Access to Medical Records.'" *See* http://www.michigan.gov/documents/corrections/PD_03_04_108_500056_7.pdf (last visited October 7, 2016).

Operating Procedure 3.04.108.  Nonetheless, the Court cautions Plaintiff that despite his having been granted *in forma pauperis* status, he is not exempt from having to pay all costs incurred in obtaining discovery materials.  *See, e.g., Pasley*, 2010 WL 3907497, at *1 ("Consequently, even if Plaintiff had sought to obtain his medical records from Defendant Caruso pursuant to a proper discovery request, he would still be required to pay the cost of copying the records."); *Smith v. Yarrow*, 78 Fed.Appx. 529, 544 (6th Cir. 2003) ("A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts.").  At his option, Plaintiff may therefore wish to limit the scope of his request, e.g., by date range, medical provider, etc., in light of these economic considerations.

    In short, there is no indication that Plaintiff made any prior efforts to obtain the medical records via either propounding to Defendants a discovery request or by making a request through MDOC Operating Procedure 3.04.108.  Instead, the motion appears to be an effort by Plaintiff to obtain materials with this Court's involvement, and for free.  Consequently, the motion is **DENIED**.

    **IT IS SO ORDERED.**

Dated: October 14, 2016        s/Anthony P. Patti
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 14, 2016, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
